```
                                                   . COURTS
                                                04 JUL 29 PM 4: 33
                                                      FILED___T___
                                                  . . . . . S. BURKE,
                                                  CLERK,    IDAHO
```

**ORIGINAL**

FEE PAID
RCPT # 14359

PAUL W. DAUGHARTY
***RUDE, JACKSON & DAUGHARTY, LLP***
Attorneys at Law
110 Wallace Avenue
Coeur d'Alene, ID 83814
Telephone: (208) 664-3799
Facsimile: (208) 666-0550
Idaho State Bar No. 4520

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK DREWS and TEDDY DREWS, husband and wife; and CASEY DREWS, a minor, <br><br> Plaintiffs, <br><br> vs. <br><br> JOINT SCHOOL DISTRICT NO. 393, a Political Subdivision of the State of Idaho; REID STRAABE, in his capacity as Superintendent of Joint School District No. 393; GAIL HARDING-THOMAS in her capacity as Principal of Wallace Jr./Sr. High School; and JOHN DOES 1-5, in their capacity as Board Members of Joint School District No. 393, <br><br> Defendants. | CASE NO. CV04-0___-N-EJL <br><br> COMPLAINT AND DEMAND FOR JURY TRIAL |

COMPLAINT - 1

COME NOW, the Plaintiffs, by and through their counsel of record Paul W. Daugharty of the law firm *RUDE, JACKSON & DAUGHARTY, LLP*, and hereby alleges and avers for their Complaint against the above-named defendants; individually and in their official capacities, and each of them, as follows:

## NATURE OF THE ACTION

### I.

This is an action brought for violations of the rights of Plaintiff, Casey Drews relating to: (i) a lack of equal protection of the laws under the Fourteenth Amendment to the United States Constitution, (ii) a lack of due process of law under the Fourteenth Amendment to the United States Constitution; (iii) abuse, discrimination, impropriety, harassment and violations perpetuated against the Plaintiff, Casey Drews in violation of criminal and civil laws and of her civil rights in violation of 42 U.S.C. §§1981, 1983 and 2000d et seq.; and (iv) deprivation of Plaintiff, Casey Drews' constitutional right of privacy and bodily security. Plaintiffs seek declaratory relief and compensatory and punitive damages in an amount to be proven at trial.

## JURISDICTION AND VENUE

### II.

This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1343 and Title IX, Education Amendments of 1972, 20 U.S.C. § 1681, et seq. This action arises under the Fourteenth Amendment to the United States Constitution, and under federal laws, 42 U.S.C. §§ 1981, 1983, and 2000d et seq. This Court has personal jurisdiction over the Defendants in this matter because the events giving rise to this claim occurred in this district.

### III.

Venue in this Court is proper under 28 U.S.C. §§ 1391 in that all Defendants reside and/or are located within the District of Idaho and all acts or omissions which gave rise to Plaintiffs' claims occurred within the District of Idaho in Shoshone County, Idaho.

## PARTIES

### IV.

Plaintiffs, Mark Drews and Teddy Drews are husband and wife and are the guardians of Plaintiff, Casey Drews a minor child. At all times relevant to this litigation Plaintiffs were and remain residents of the State of Idaho.

### V.

Defendant, Wallace School District No. 393 is a political subdivision of the State of Idaho.

### VI.

Defendant, Reid Straabe, is, and at all times relevant to this litigation was a resident of the State of Idaho and the superintendent of Wallace School District No. 393. Defendant, Reid Straabe is an administrator and agent of Wallace School District No. 393.

### VII.

Defendant, Gail Harding-Thomas, is, and at all times relevant to this litigation was a resident of the State of Idaho and the Principal of Wallace Jr./Sr. High School in Wallace School District No. 393. Defendant, Gail Harding-Thomas is an administrator and agent of Wallace School District No. 393.

### VIII.

Defendants, John Does 1 - 5, whose true names are unknown, are the members of the Wallace School District No. 393 Board of Trustees.

## FACTS GIVING RISE TO THE COMPLAINT

### IX.

In May 2002, Plaintiff, Casey Drews, a minor child, attended Wallace Jr./ Sr. High School as a 10th grade student. At that time and continuing through and after approximately April 30, 2003, Plaintiff, Casey Drews was continually harassed, bullied, mentally and physically abused and threatened by other students and other individuals who were no longer students at Wallace Jr./Sr. High School but were allowed access to school property and school sponsored activities or events

by Defendants.

### X.

Defendants, Wallace School District No. 393, Reid Straabe in his capacity as Superintendent of Wallace School District No. 393, Gail Harding-Thomas in her capacity as Principal of Wallace Jr./Sr. High School, and John Does 1-5 in their official capacity as members of the Wallace School District No. 393 Board of Trustees were notified by Plaintiffs, Mark Drews and Teddy Drews of the harassment and unsafe situation and the continued harassment, threats, verbal abuse and physical abuse of Plaintiff, Casey Drews by other students and other individuals who were no longer students at the Wallace Jr./Sr. High School. Defendants, Wallace School District No. 393, including administrators, employees and/or agents, Reid Straabe, Gial Harding-Thomas and the members of the Board of Trustees knew or should have known of the perpetual harassment, threats, physical and mental abuse occurring at school or at school sponsored activities or events and Defendants, Wallace School District No. 393, including administrators, employees and/or agents, Reid Straabe, Gail Harding-Thomas and the members of the Board of Trustees with such knowledge of the continued harassment, threats and physical and mental abuse of Plaintiff, Casey Drews intentionally ignored the facts and failed to take appropriate steps to protect the health and safety of Plaintiff, Casey Drews. The failure and/or refusal of Defendants, Wallace School District No. 393, including administrators, employees and/or agents, Reid Straabe, Gail Harding-Thomas and the members of the Board of Trustees to protect Plaintiff, Casey Drews or to otherwise monitor, supervise and investigate the actions of students or other individuals who were no longer students at Wallace Jr./Sr. High School constitutes a breach of duty owed Plaintiff, Casey Drews and her parents Plaintiffs, Mark Drews and Teddy Drews and constitutes deliberate indifference to known acts of abuse and harassment. Furthermore, the actions or omissions of Defendants, Wallace School District No. 393, including administrators, employees and/or agents, Reid Straabe, Gail Harding-Thomas and the members of the Board of Trustees constitutes a basis for a cause of action which includes, but is not otherwise limited to, the following: negligence per se; negligence; breach of fiduciary duty; the deprivation of Plaintiff, Casey Drews' constitutional rights pursuant to 42 U.S.C. §§1981, 1983 and 2000d et seq., including but not limited to Section 1983 as well as related statutes regarding deprivation of rights; and discrimination on the basis of sex in violation of Title IX, 20 U.S.C.

Section 1681 et seq., Title IX.

## XI.

Defendants, Wallace School District No. 393, Reid Straabe in his capacity as Superintendent of Wallace School District No. 393, Gail Harding-Thomas in her capacity as Principal of Wallace Jr./ Sr. High School, and John Does 1-5 in their official capacity as members of the Wallace School District No. 393 Board of Trustees by virtue of their conduct, impliedly authorized, condoned and encouraged continued harassment and other harmful actions and behavior by failing to thoroughly investigate, discipline and safeguard Plaintiff, Casey Drews from such actions. Such conduct then became the permanent and well settled custom or unwritten policy of Defendants, Wallace School District No. 393, Reid Straabe in his capacity as Superintendent of Wallace School District No. 393, Gail Harding-Thomas in her capacity as Principal of Wallace Jr./ Sr. High School, and John Does 1-5 in their official capacity as members of the Wallace School District No. 393 Board of Trustees in regard to Plaintiff, Casey Drews. Such policy directly resulted in the deprivation of Plaintiffs' constitutional rights and constitutes deliberate indifference to the deprivation of Plaintiffs' constitutional rights.

## XII.

As a result of the actions and omissions of Defendants, Wallace School District No. 393, including administrators, employees and/or agents, Reid Straabe, Gail Harding-Thomas and the members of the Board of Trustees, Plaintiff, Casey Drews, a minor child, has suffered general and special damages and will continue to suffer severe psychological and emotional damage. The damages include, but are not limited to, continual emotional and physical pain and suffering, personal injury, emotional distress, mental anguish, diminished quality of life, inability to maintain personal relationships, loss of society and companionship, and expenses for past and/or future therapy and medical treatment. The assessment of damages to Plaintiff, Casey Drews, a minor child, are continuing but the damages claimed at this time are no less than the sum of Two Hundred Fifty Thousand Dollars ($250,000.00) or as otherwise proven at trial.

## XIII.

As a result of the actions and omissions of Defendants, Wallace School District No. 393, including administrators, employees and/or agents, Reid Straabe, Gail Harding-Thomas and the

members of the Board of Trustees, Plaintiffs, Mark Drews and Teddy Drews, have suffered general and special damages including but not limited to emotional and physical pain and suffering, emotional distress, mental anguish, and expenses for past and/or future therapy and medical treatment. The assessment of damages to Plaintiffs, Mark Drews and Teddy Drews are continuing but the damages claimed at this time are no less than the sum of One Hundred Thousand Dollars ($100,000.00) or as otherwise proven at trial.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

### XIV.

Plaintiffs have exhausted their state law administrative remedies.

## FIRST CLAIM FOR RELIEF

**(Violation of Civil and Constitutional Rights under 42 U.S.C. §§1981, 1983 and 2000d et seq. including but not limited to Section 1983 as well as related statutes regarding deprivation of rights; and discrimination on the basis of sex in violation of Title IX, 20 U.S.C. Section 1681 et seq., Title IX.)**

### XV.

Plaintiffs hereby incorporate Paragraphs I. Through XIV. of this Complaint into each and every count or claims for relief by reference into each and every count or claim.

### XVI.

Defendants, Wallace School District No. 393, Reid Straabe in his capacity as Superintendent of Wallace School District No. 393, Gail Harding-Thomas in her capacity as Principal of Wallace Jr./ Sr. High School, and John Does 1-5 in their official capacity as members of the Wallace School District No. 393 Board of Trustees actions or omissions as detailed and set froth above constitutes a basis for a cause of action on behalf of Plaintiffs for **the deprivation of Plaintiff, Casey Drews' constitutional rights pursuant to 42 U.S.C. §§1981, 1983 and 2000d et seq., including but not limited to Section 1983 as well as related statutes regarding deprivation of rights; and discrimination on the basis of sex in violation of Title IX, 20 U.S.C. Section 1681 et seq., Title IX.**

COMPLAINT - 6

### XVII.

As a direct result of As a result of the actions and omissions of Defendants, Wallace School District No. 393, including administrators, employees and/or agents, Reid Straabe, Gail Harding-Thomas and the members of the Board of Trustees, Plaintiffs have suffered general and special damages which will be proven at the time of trial.

## SECOND CLAIM FOR RELIEF

### (Denial of Education)

### VXIII.

Plaintiffs hereby incorporate Paragraphs I. Through XVII. of this Complaint into each and every count or claims for relief by reference into each and every count or claim.

### XIX.

Defendants, Wallace School District No. 393, Reid Straabe in his capacity as Superintendent of Wallace School District No. 393, Gail Harding-Thomas in her capacity as Principal of Wallace Jr./ Sr. High School, and John Does 1-5 in their official capacity as members of the Wallace School District No. 393 Board of Trustees actions or omissions as detailed and set froth above constitutes a basis for a cause of action on behalf of Plaintiffs for **denial of education.**

### XX.

As a direct result of As a result of the actions and omissions of Defendants, Wallace School District No. 393, including administrators, employees and/or agents, Reid Straabe, Gail Harding-Thomas and the members of the Board of Trustees, Plaintiffs have suffered general and special damages which will be proven at the time of trial.

## THIRD CLAIM FOR RELIEF

### (Negligence)

### XXI.

Plaintiffs hereby incorporate Paragraphs 1. Through XX. of this Complaint into each and every count or claims for relief by reference into each and every count or claim.

### XXI.

Defendants, Wallace School District No. 393, Reid Straabe in his capacity as Superintendent of Wallace School District No. 393, Gail Harding-Thomas in her capacity as Principal of Wallace

Jr./ Sr. High School, and John Does 1-5 in their official capacity as members of the Wallace School District No. 393 Board of Trustees had a duty to protect, supervise and educate Plaintiff, Casey Drews. This duty was breached and the actions or omission of Defendants, Wallace School District No. 393, Reid Straabe in his capacity as Superintendent of Wallace School District No. 393, Gail Harding-Thomas in her capacity as Principal of Wallace Jr./ Sr. High School, and John Does 1-5 in their official capacity as members of the Wallace School District No. 393 Board of Trustees constitutes a basis for a cause of action on behalf of Plaintiffs for **negligence.**

### XXII.

As a direct result of As a result of the actions and omissions of Defendants, Wallace School District No. 393, including administrators, employees and/or agents, Reid Straabe, Gail Harding-Thomas and the members of the Board of Trustees, Plaintiffs have suffered general and special damages which will be proven at the time of trial.

### **FOURTH CLAIM FOR RELIEF**
### (Hostile Environment)
### XXIII.

Plaintiffs hereby incorporate Paragraphs I. Through XXII. of this Complaint into each and every count or claims for relief by reference into each and every count or claim.

### XXIV.

Defendants, Wallace School District No. 393, Reid Straabe in his capacity as Superintendent of Wallace School District No. 393, Gail Harding-Thomas in her capacity as Principal of Wallace Jr./ Sr. High School, and John Does 1-5 in their official capacity as members of the Wallace School District No. 393 Board of Trustees subjected the Plaintiff, Casey Drews, to a hostile educational environment in violation of Title 9 of the Education Amendment of 1972 of Federal Law which educational environment was the approximate cause of injury, damage and loss to plaintiff.

### XXV.

Defendants, Wallace School District No. 393, Reid Straabe in his capacity as Superintendent of Wallace School District No. 393, Gail Harding-Thomas in her capacity as Principal of Wallace

Jr./ Sr. High School, and John Does 1-5 in their official capacity as members of the Wallace School District No. 393 Board of Trustees are liable to the Plaintiff, Casey Drews, for their custom or practice of deliberate indifference to her protected right to be free from abuse or harassment. The defendants herein caused the plaintiff damage and loss, on the basis of sex, because she has been excluded from participation in and denied the benefits of and/or was subjected to discrimination under any educational program or activity receiving federal financial assistance in violation of Title IX of the Educational Amendments of 1972 (20 U.S.C. § 1681 (A) denied to her as a woman, a solid legal protection as she sought education and training for her later careers.

### XXVI.

As a direct result of As a result of the actions and omissions of Defendants, Wallace School District No. 393, including administrators, employees and/or agents, Reid Straabe, Gail Harding-Thomas and the members of the Board of Trustees, Plaintiffs have suffered general and special damages which will be proven at the time of trial.

### ATTORNEY'S FEES

Plaintiffs are entitled to an award of reasonable attorney's fees under Federal Law as provided in part by 42 U.S.C.A. § 1983, et seq., § 1981, 1983, et seq., and as provided by the Statutes Case Law and statutory provisions of Idaho Law.

### JURY TRIAL

Plaintiff hereby demands a trial by jury for all issues.


### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1. Declaring that defendants violated plaintiff's constitution rights under 42 U.S.C.§ 1983, Title IX (20 U.S.C. § 1681), Title IX, Education and the substantive due process and equal protection provisions of the fourteenth amendment to the United States Constitution.

2. Declaring that defendants violated plaintiff's constitutional rights under the substantive due process and equal protection provisions of the Constitution of the

COMPLAINT - 9

State of Idaho.

3. Declaring that defendants violated plaintiff's rights under the Family Educational Rights and Privacy Act as set forth in 20 U.S.C. § 1232g.

4. Awarding Plaintiff compensatory damages and past and future expenses for education, medical, emotional, psychiatric treatment and/or counseling as proven at trial.

DATED this 28 day of July, 2004.

             *RUDE, JACKSON & DAUGHARTY, LLP*

             _____
             PAUL W. DAUGHARTY