IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MARK DREWS and TEDDY DREWS, husband and wife; and CASEY DREWS, a minor, | ) ) ) | CASE NO. CV04-388-N-EJL |
| Plaintiffs, | ) | MEMORANDUM ORDER |
| vs. | ) ) | |
| JOINT SCHOOL DISTRICT NO. 393, et al. | ) ) | |
| Defendants. | ) ) | |

Pending before the Court in the above-entitled matter is Defendants' Motion for Reconsideration (Docket No. 44). The Court ordered an expedited response from Plaintiffs and an expedited reply from Defendants. Plaintiffs also filed a motion to strike the affidavit of Mr. Kirby Krulitz (Docket No. 47). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

Standard of Review for Motion for Reconsideration

Neither the Federal Rules of Civil Procedure nor the Local Rules provide for a motion to reconsider. However, the Ninth Circuit has stated that motions to reconsider should be treated as motions to alter or amend under Federal Rule of Civil Procedure 59(e). Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1419 (9th Cir. 1984). Pursuant to Rule 59(e), a motion for reconsideration must be filed within ten (10) days of the court's order.

MEMORANDUM ORDER

The Ninth Circuit has identified three reasons sufficient to warrant a court's reconsideration of a prior order: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice. School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Upon demonstration of one of these three grounds, the movant must then come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Haw. 1996).

Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge. Illinois Central Gulf Railroad Company v. Tabor Grain Company, 488 F. Supp. 110, 122 (N.D. Ill. 1980) (a rehash of the arguments previously presented affords no basis for a revision of the court's order).

Where Rule 59(e) motions are merely being pursued "as a means to reargue matters already argued and disposed of and to put forward additional arguments which [the party] could have made but neglected to make before judgment, [s]uch motions are not properly classifiable as being motions under Rule 59(e)" and must therefore be dismissed. Davis v. Lukhard, 106 F.R.D. 317, 318 (E.D. Va. 1984). See also, Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)("Plaintiff improperly used the motion to reconsider to ask the Court to rethink what the Court had already thought -- rightly or wrongly.").

Analysis

This Court issued a Memorandum Order on March 29, 2006 (Docket No. 43) granting summary judgment in Defendants' favor on all claims except Casey Drews' Title IX claims. The motion for reconsideration was filed on April 10, 2006. Rule 6 of the Fed. R. Civ. P. provides:

MEMORANDUM ORDER

When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation." Accordingly, the motion for reconsideration was timely filed in this case.

The Court finds the Defendants' motion for reconsideration is based on the need to correct clear or manifest error in law or fact, to prevent manifest injustice. School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). In the motion, the Defendants claim the Court erred in its factual findings regarding whether or not Casey Drews quit or was forced off the basketball team her junior year, so the undisputed facts did not establish the requisite elements for a prima face Title IX cause of action and the Court erred in its legal analysis. Secondarily, the Defendants claim if the Title IX claim is allowed to proceed, the individual Defendants Reide Straabe and Gail Harding are entitled to summary judgment as Title IX claims are only allowed against the recipients of federal funding and the individuals did not receive federal funding. Plaintiffs argue Defendants are merely attempting to relitigate the issues previously decided by the Court and the motion for reconsideration should be denied.

To begin with, the Court finds the motion to be well-founded and the Court needs to correct errors of law and fact in its earlier Memorandum Order. The Court agrees with the Defendants that the School District, but not the named individuals, can be liable under Title IX. Since Defendants Straabe and Harding did not receive federal funding, they should have been dismissed from the Title IX cause of action. Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 640 (1999). The Court also finds that based on the fact Casey did not quit the basketball team, the Court needs to reconsider its analysis regarding whether the Title IX claim can proceed to trial.

MEMORANDUM ORDER

In the March 29, 2006 Memorandum Order, the Court found genuine issues of material fact existed on the second factor:

> The only possible argument that could survive on the summary judgment motion is that Casey was forced to quit the basketball team her junior year and in this way she was denied a benefit provided by the school.

Defendants argue this factual statement is incorrect and submit the affidavit of Kirby Krulitz to support their contention Casey played the entire basketball season her junior year and was recognized for her play through awards. Plaintiffs contend the Court should not consider the affidavit as Mr. Krulitz was not named as a potential witness by Defendants. However, Plaintiffs do not argue the facts submitted by Mr. Krulitz are incorrect or that Casey did quit the basketball team her junior year.

The Court reviewed the deposition testimony of Casey. On page 35, line 18 she answers:

> After basketball? Basketball was hell. We [Casey and her friend Grethen] tried – we both went to quit basketball because of it [the alleged harassment by teammates]. And we told the coaches that we were going to quit, and we talked to the – I think we might have even talked to the principal. But then we were walking down the hall after – I think it was the very end of basketball season. And Leann Gallinger called us fucking lesbian whores.

The Court interpreted this portion of the deposition as Casey testifying she quit the basketball team due to sexual harassment. It now appears from the documents attached to the affidavit of Mr. Krulitz that Casey did not quit the basketball team even though she may have talked about quitting. The Court apologizes for its misinterpretation of Casey's deposition testimony. The Court now finds it is undisputed that Casey did not quit the basketball team her junior year.

The motion to strike the affidavit is denied as Plaintiffs have not rebutted the facts submitted by Defendants and Casey would have to testify to the same facts at trial that she did not actually quit

MEMORANDUM ORDER

the basketball team. Accordingly, there is no prejudice to Plaintiffs in the Court relying on school records kept in the ordinary course of running the school to correct the Court's factual findings. With the factual background corrected, the Court will now reconsider the requirements for a Title IX claim.

For student to student sexual harassment, the four requirements for imposition of school district liability under Title IX are:

> (1) the school district "must exercise substantial control over both the harassed and the context in which the known harassment occurs", (2) the plaintiff must suffer "sexual harassment . . . that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school", (3) the school district must have "actual knowledge of the harassment", and (4) the school district's "deliberate indifference subjects its students to harassment."

Heckle v. Gregory, 150 F. Supp 2d 1067, 1077-78 (D. Nevada 2001) (citing Reese v. Jefferson School District No. 14J, 208 F.3d 736, 739 (9th Cir. 2000).

As to the first factor, the Court previously determined that the School District did have substantial control over the alleged harassers at school. As to the second factor, the Court previously determined the only alleged sexual harassment situation that could survive summary judgment was Casey being forced to quit the basketball team (assuming the basketball team participation was an educational opportunity or benefit to which she was denied). Now that the Court has determined Casey did not quit the basketball team her junior year, the Court finds Casey was not denied any educational opportunities or benefits provided by the school due to alleged sexual harassment.[1]

---

[1]To the extent Plaintiffs might argue the delay in posting the requested signage for the student sections for sporting events resulted in sexual harassment of Casey by students or non-students, the Court finds such alleged harassment has not been shown to have denied Casey of any educational opportunities or benefits. The Court cited the signage claim on page 19 of its

MEMORANDUM ORDER

The Court has previously ruled Casey's quitting of the Coeur d'Alene High School basketball team her senior year was not a result of sexual harassment and the Wallace Athletic Director was attempting to help Casey be able to play basketball her senior year at another school. The Court also previously determined the fact Casey elected to drop a science class and take a self-directed class did not establish a claim against the School District for the denial of educational opportunities or benefits. The Principal investigated the claimed sexual harassment in the science class, but did not find support for the alleged harassment after interviewing students and the science teacher. Casey testified she enjoyed the self-directed study and did not claim she was denied educational benefits because she substituted the self-directed class credits for the science class credits.

In reviewing the record again, the Court finds no evidence Casey was denied educational opportunities or benefits due to alleged sexual harassment by students or non-students within the School District's supervision. Casey voluntarily choose to continue to play basketball, to quit the cheerleading squad when she did not want to perform a certain dance and to change to a self-directed study course that she enjoyed. Since the Court finds genuine issues of material fact do not exist regarding whether or not Casey was denied educational opportunities or benefits based on the alleged sexual harassment, Casey has not established the second factor required for a prima facie

---

Memorandum Order as an example of alleged delay by school officials and not as an example of sexual harassment in its analysis of the second factor of a Title IX claim.

MEMORANDUM ORDER

case under Title IX and the Court need not address the third and fourth factors which are contested by Defendants. For these reasons, the Court finds summary judgment is appropriate and Title IX claim must be dismissed.

### Order

Being fully advised in the premises, the Court hereby orders:

1) Plaintiffs' Motion to Strike the Affidavit of Mr. Krulitz (Docket No. 47) is DENIED.

2) Defendants' Motion for Reconsideration (Docket No. 44) is GRANTED. Summary Judgment is granted in favor of Defendants and Plaintiff Casey Drews' remaining Title IX claims are dismissed . Judgment shall be entered in Defendants' favor on all claims.

DATED: **May 11, 2006**

Honorable Edward J. Lodge
U. S. District Judge